IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHRISTOPHER KENYATTA MOORE, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| REGINA M. COYNE, *et al.*, | : | NO. 18-299 |
| Defendants. | : | |

**MEMORANDUM**

SCHMEHL, J.	FEBRUARY 22, 2018

Plaintiff Christopher Kenyatta Moore brings this action, pursuant to 42 U.S.C. § 1983 against three defense attorneys based on allegations that they have prevented him from proving his innocence in post-conviction proceedings. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Moore leave to proceed *in forma pauperis* and dismiss his complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.	**FACTS**

On October 1, 2012, after a jury trial in the Philadelphia Court of Common Pleas, Mr. Moore was found guilty of murder and other offenses and sentenced to life imprisonment. *See Commonwealth v. Moore*, Docket No. CP-51-CR-0007232-2010 (Phila. Ct. Common Pleas). His first trial had ended in a mistrial. Regina Coyne served at Mr. Moore's trial counsel and his counsel on direct appeal. The docket for Mr. Moore's criminal proceeding in state court reflects that he filed a petition for post-conviction relief, which was dismissed. Mr. Moore's appeal of that denial is currently pending. Mr. Moore claims that he is actually innocent and that he has been wrongfully convicted.

1

Mr. Moore filed the instant civil action against Ms. Coyne and two other attorneys—Jeremy Evan Alva and Daniel Paul Alva. The gist of his Complaint is that the three attorneys conspired against him to deprive him of the ability to challenge his allegedly false convictions. Mr. Moore claims that Jeremy Alva contacted Ms. Coyne in January of 2014 to request his file based on a false statement that he was representing Mr. Moore in connection with post-conviction proceedings. Mr. Moore notes that Jeremy Alva's father, Daniel Alva, represented one of Mr. Moore's co-defendants. Based on that fact, he believes that Daniel Alva "chose to use his son Jeremy Evan-Alva to carry out such ruse in order to wrongfully obtain [Mr. Moore's] criminal trial transcripts for their own personal use." (Compl. at 4.)

Ms. Coyne apparently gave her file to Jeremy Alva based on his representation that he was acting as counsel for Mr. Moore. Mr. Moore contends that Ms. Coyne knew that the law firm of Alva & Shuttleworth had represented his co-defendant and that, accordingly, she should have checked with him before transmitting his file. According to Mr. Moore, Ms. Coyne should have "defend[ed] [his] Constitutional rights to effective assistance, to protect her client from such abuse." (*Id.*)

Mr. Moore alleges that, as a result of the attorneys' actions, he was "forced to file an inadequate P.C.R.A. petition without a clear picture of his First and Second murder trials, which said petition resulted in a formal dismissal by the trial court as 'without merit.'" (*Id.* at 5.) He is also concerned that many issues will be deemed waived on appeal. He claims that the attorneys' actions have caused him anxiety, mental anguish, depression, and insomnia because he will not be able to prove his innocence.

Based on those allegations, Mr. Moore initiated this civil rights action pursuant to 42 U.S.C. § 1983 and claims that the Defendants violated his constitutional rights. He also attached to his

Complaint several letters as exhibits, specifically: (1) a letter from Ms. Coyne reflecting that she sent Mr. Moore's transcripts to Jeremy Alva for purposes of Mr. Moore's post-conviction petition; (2) correspondence between himself and Jeremy Alva reflecting that Mr. Alva sent Mr. Moore transcripts from his second trial but claimed he did not have Ms. Coyne's file or the transcripts from Mr. Moore's first trial. Mr. Moore asks the Court to direct the Defendants to "relinquish any and all documents pertaining to [his] criminal trials" and for damages. (*Id.* at 8.)

## II. STANDARD OF REVIEW

The Court grants Mr. Moore leave to proceed *in forma pauperis*.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Mr. Moore is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Mr. Moore cannot state a constitutional claim against the defendants because they are not state actors for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on

---

[1] As Mr. Moore is a prisoner, he is still obligated to pay the $350 filing fee in installments in accordance with the Prisoner Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

the basis of their position as officers of the court."). Accordingly, the Court must dismiss the Complaint for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Moore's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As Mr. Moore cannot cure the defects in his claims, amendment would be futile. An appropriate order follows.